## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

BEHNAM KHEYRADDINI MOUSAVI,

      Plaintiff,

v.                                            No. 1:25-cv-01326-SCY

UNIVERSITY OF NEW MEXICO HOSPITAL,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*,
### GRANTING MOTION TO FILE ELECTRONICALLY
### AND FOR SERVICE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case Alleging Negligence, Doc. 1, filed December 31, 2025 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed December 31, 2025, and Plaintiff's Motion for Electronic Filing, Doc. 4, filed December 31, 2025.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $600.00; (ii) Defendant's monthly expenses total $550.00; and (iii) Defendant has $0.00 in cash and $1,517.26 in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding and because his monthly expenses are approximately equal to his low monthly income.

**Order Granting Motion to File Electronically**

Plaintiff filed a CM/ECF Pro Se Account Registration Form which the Court construes as a Motion to File Electronically. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at

http://www.nmd.uscourts.gov/filing-information.  This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant.  *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024). Plaintiff may contact the Court regarding CM/ECF registration by phone at (505) 348-2075 or via email at cmecf@nmd.uscourts.gov.

**Order for Service**

The Court has authorized Plaintiff to proceed *in forma pauperis* under 28 U.S.C. § 1915. Rule 4 of the Federal Rules of Civil Procedure states the Court must order that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3).  The Court orders the United States Marshals Service to serve Defendant University of New Mexico Hospital with a summons and a copy of the Complaint, Doc. 1, filed December 31, 2025.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff

3

fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without repaying Fees or Costs, Doc. 3, filed December 31, 2025, is **GRANTED.**

(ii)    Plaintiff's Motion for Electronic Filing, Doc. 4, filed December 31, 2025, is **GRANTED.**

(iii)   The United States Marshals Service shall serve Defendant University of New Mexico Hospital with a summons and a copy of the Complaint, Doc. 1, filed December 31, 2025, via the address provided in the Complaint (Doc. 1 at 2):

University of New Mexico Hospital
Public Teaching Hospital / Health Care Provider
2211 Lomas Blvd NE
Albuquerque, Bernalillo County
New Mexico 87106

SO ORDERED.

_____
**UNITED STATES MAGISTRATE JUDGE**